IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    *v.*<br><br>JARED WHEAT,<br>JOHN BRANDON SCHOPP, AND<br>HI-TECH PHARMACEUTICALS,<br>INC. | Criminal Action No.<br><br>1:17-CR-0229-AT-CMS |

## UNITED STATES' REPLY REGARDING POTENTIAL ATTORNEY CONFLICTS

The United States of America, by Byung J. Pak, United States Attorney, and Steven D. Grimberg, Assistant United States Attorney for the Northern District of Georgia, submits this Reply to Mr. Bruce Harvey's Response to the United States' Notice Regarding Potential Conflicts.[1]

The Government agrees that a Court inquiry similar to a Rule 44 hearing is appropriate, however, Rule 44 addresses the joint representation of two or more defendants, not the situation here which is the joint representation of a defendant

---

[1] Counsel for the United States has requested but to date not received copies of any other *under seal* filings made by defense counsel to the Government's notice regarding potential conflicts. Mr. Lietz explained in response to the Government's request that his submission contains information concerning his client's potential defense that he (rightfully) does not wish to share with undersigned counsel at this time. If the Court wishes for the Government to reply to any of the remaining filings, it requests that the Court order defense counsel to provide service copies to the Government, in redacted or revised form if necessary to protect privilege.

and a government witness. As Rule 44(c)(2) states, "[u]nless there is good cause to believe that no conflict of interest is likely to arise, the court *must* take appropriate measures to protect each [client's] right to counsel." (Emphasis supplied.)

As the Government explained in its initial filing, C.S. is considered a subject of the investigation, which means that his conduct is within the scope of the grand jury's investigation and circumstances could arise where he would be charged. This is the very reason that Mr. Harvey, in the course of representing C.S., negotiated his interview with the Government under the terms of a "use immunity" agreement in lieu of grand jury testimony.[2]

Although the Government agrees that both defendant Wheat and C.S. should obtain the advice of independent counsel before waiving any potential conflict, some conflicts cannot be waived. *See United States v. Scott*, 2007 WL 2121644 (N.D. Ga. Jul. 24, 2007). Citing Georgia Rule of Professional Conduct 1.7(c), the Court declined to accept a proffered waiver between a defendant and a government witness, where the witness was hoping to receive Rule 35 cooperation credit from the government for his testimony:

---

[2] It is not "illegal" but rather entirely appropriate for the Government to continue its grand jury investigation into presenting additional charges against the current defendants, as well as additional defendants, one of whom could be C.S. if the evidence presents itself.

> The court cannot imagine a more dangerous conflict than that under which Kennedy and Corso are laboring: their firm represents the defendant being sentenced, but it also represents a government witness that hopes to receive a Rule 35(b) motion for his efforts. The clients are adverse, and the goals of both are antagonistic; the firm's loyalty is necessarily split. The representation "involves circumstances [that] render [ ] it reasonably unlikely that the lawyer will be able to provide adequate representation to ... the affected clients." Ga. R. Prof. Con. 1.7(c). Accordingly, defendant may not waive this conflict.

*Scott*, 2007 WL at *2. The circumstances here are replete with scenarios that make it very difficult for Mr. Harvey to provide adequate representation to both of his affected clients.[3] For example, if C.S. has information or evidence that implicates Wheat, it may be in his best interest to cooperate with the Government and negotiate the terms of his own potential exposure. But the Government will not be able to communicate with C.S., a Government witness, without the defendant's counsel, Mr. Harvey, present. How can Mr. Harvey provide conflict-free advice to C.S. about the pros and cons of cooperating with the Government without impacting his representation of Wheat? And as Mr. Harvey sits in on these potential debriefs with C.S., is he gathering information to assist C.S., or assist Wheat?

Even assuming that Mr. Harvey offers to no longer represent C.S. in these proceedings, Mr. Harvey may have information from his previous attorney-client relationship with C.S. that may be helpful in cross-examining C.S. as a

---

[3] It is unclear from Mr. Harvey's filing whether he intends to continue representing C.S. through the course of these proceedings.

government witness. Mr. Harvey has offered to allow Mr. Wheat's other counsel to cross-examine C.S., but this begs the question, raised in the Government's initial filing, concerning any joint defense or other agreements that Mr. Harvey may have with his co-counsel. By not cross examining C.S. himself, or by declining to share information he learned during his represention of C.S. to his co-counsel, Mr. Harvey may be foregoing a cross-examination inquiry that would be helpful to defendant Wheat.

The Government urges the Court to require both C.S. and Wheat to obtain the advice of independent counsel before conducting a Rule 44 hearing and accepting any waiver. The independent counsel should not be any attorney representing any defendant or witness in this case. In determining whether to accept any waiver, the Government urges the Court to inquire about the nature of the financial arrangements between Wheat and C.S., including whether Wheat has paid the legal fees of Bruce Harvey to represent C.S. The Court should also inquire about the terms of any joint defense agreements, formal or informal, between Mr. Harvey and Wheat's other counsel, and how that may impact Mr. Harvey's decision to disclose or not disclose information he gathered during his representation of C.S. that could be helpful or detrimental to Wheat.

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

November 29, 2017

/s/ STEVEN D. GRIMBERG
STEVEN D. GRIMBERG
*Assistant United States Attorney*