IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JARED WHEAT,<br>JOHN BRANDON SCHOPP, and<br>HI-TECH PHARMACEUTICALS, INC. | )<br>)<br>)<br>)<br>) No. 1:17-CR-0229-AT-CMS<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS JARED WHEAT AND HI-TECH PHARMACEUTICALS,
INC.'S MOTION FOR RETURN OF PROPERTY
(ESI SEIZED FROM AOL AND YAHOO)**

COME NOW Defendants Jared Wheat and Hi-Tech Pharmaceuticals, Inc., and, pursuant to Fed. R. Crim. P. 41(g), file this motion for return of property seized from internet service providers AOL and Yahoo. In support of this request, Defendants show the following:

This motion pertains to the seizures of two email accounts: an AOL account seized pursuant to a warrant authorized May 17, 2013, and a Yahoo account seized pursuant to a warrant authorized on October 24, 2014. This Court has entered its First R & R, Doc. 109, as to Defendants' previously filed motion to suppress as to these searches. Doc. 44. Defendants' request for reconsideration and for an

evidentiary hearing is pending before this Court. Doc. 138

In a recent exchange of emails with the Government, the Government indicated its position that there is no time limitation as to when it is required to conduct the Step Two execution of the warrants; that it can continue to run additional searches and review all of material (aside from what it has identified as subject to the attorney-client privilege) provided by AOL and Yahoo; and that it will retain all of the production until the conclusion of the case. In light of these representations, Defendants are filing this motion for return of or destruction of all copies of: (1) all data provided by AOL pursuant to the May 17, 2013 warrant, with the exception of that data identified as responsive to the warrant and turned over to SA Kriplean in January 2014 (the "AOL subset");[1] and (2) all data provided by Yahoo pursuant to the October 24, 2014 warrant.

**Background**

Based on the Government's filings and email communications between counsel for both parties, the handling of these materials appears to have included the following events and proposed actions, although a full understanding of the facts relating to these searches cannot be had absent an evidentiary hearing, which

---

[1] Defendants, however, do not concede that the scope of these initial searches and seizures meet the particularity and probable cause requirements of the Fourth Amendment.

Defendants have requested as to their motion to suppress and which Defendants request as to this motion for return of property.

The warrant for Jared Wheat's AOL email account was authorized on May 17, 2013. Doc. 105-1. It directed AOL to turn over all of the contents of the email account. *Id.* at Attachment B(I). The data produced by AOL was turned over to a third-party private contractor for the FDA (Madison). At some point in time (unrevealed by the Government), Madison conducted an initial filtering of the AOL documents for attorney-client privileged materials based on a list comprised of attorney names provided by the FDA, with additional names identified by Madison during its review. Doc. 138-1 at 3. Madison then ran 23 keyword searches "pursuant to the two-step process outlined in the search warrant …" to identify documents the warrant authorized the Government to seize, as listed in Attachment B(II). Docs. 150 at 4; 105-1. This subset of the AOL documents was provided to SA Kriplean in January 2014. Doc. 150-2. It was provided to defendants on March 8, 2018 (approximately 17,332 documents). Doc. 150 at 4.

The warrant for the Yahoo account was authorized on October 23, 2014 and required Yahoo to produce the entire contents of the email account of a Hi-Tech employee. Doc. 105-1 & Attachment B(I). The Government did not turn these documents over to Madison for *any* filter review. Docs. 150 at 4, 150-4. It appears

that the entire Yahoo production has been available to SA Kriplean since October 2014.² The Government's responsive pleading indicates: "[A]gent Kriplean reviewed the Yahoo production for relevance pursuant to the two-step process, but it did not know if he reviewed the entire Yahoo production." Doc. 150 at 4.

Subsequent emails with AUSA Nathan Kitchens sought to clarify questions concerning the review and retention of ESI seized from the email companies (and other ESI seized from Hi-Tech on October 4, 2017). This exchange revealed that the Government's position is that it is entitled to "run additional searches and review additional non-privileged documents" within the scope of the warrants but outside of any subsets that may have been produced by any keyword searches that were previously completed on the materials seized from AOL or Yahoo, "during the pendency of this case." The Government also indicated that it intends to keep possession of the entire productions from AOL and Yahoo, but will "destroy data that is not accessed after the completion of the case." *See* EXHIBIT I, emails dated May 23, 2018 and May 28, 2018; and EXHIBIT J, emails dated June 15, 2018 and

---

² The Government has indicated that its "second-level privilege review in the USAO was "ongoing" as of May of 2018, but this appears to have occurred after SA Kriplean began his review of the Yahoo production. Doc. 150 at 4.

June 20, 2018. The Government has *not* provided Defendants with a subset of the Yahoo production, other than the entire production (approximately 13,651 documents).

## I. Defendants Request Return or Destruction of All Nonresponsive Electronically Stored Information (ESI) Pursuant to Fed. R. Crim. P. 41(g).

Rule 41(g) provides in relevant part: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." This rule and the remedies it provides are separate and apart from, and broader than, the judicially-created exclusionary rule providing for the suppression of evidence. *United States v. Comprehensive Drug Testing, Inc.,* 621 F.3d 1162, 1173 (9th Cir. 2010) ("CDT") (en banc), *abrogation on other grounds recognized by Demaree v. Pederson,* 807 F.3d 870, 876-77 (9th Cir. 2018). For instance, while the exclusionary rule contemplates only unlawfully seized property, Rule 41(g) provides a remedy with respect to both lawfully and unlawfully seized property. *Id*. Further, in contrast to the exclusionary rule, which is aimed at ensuring law enforcement's adherence to constitutional norms, Rule 41(g) is aimed at safeguarding property and privacy interests. *Id*.

The exclusionary rule and Rule 41(g) also diverge in the remedies they make available. As opposed to suppression, Rule 41(g) "contemplate[s] that district judges may order the return of ... any copies [ ] of seized evidence." *CDT*, 621 F.3d at 1174.

5

The Advisory Committee Notes to Rule 41(g) also contemplate the destruction of "copies of records." *See* Fed. R. Crim. P. 41 Advisory Committee's Note to 1989 Amendments of Rule 41(e) ("In some circumstances ... equitable considerations might justify an order requiring the government to return or destroy all copies of records that it has seized.").[3] Rule 41(g) therefore provides a remedy in cases where the Government has retained copies of electronically stored information, such as emails, beyond a constitutionally reasonable period. *United States v. Ganias*, 824 F.3d 199, 219–20 (2nd Cir. 2016) (en banc).

Indeed, while Rule 41(e)(2)(B) allows the Government to conduct off-site copying and review of seized ESI and does not set a time limit on this review, the Advisory Committee Notes make clear that:

> It was not the intent of the [Rule] to leave the property owner without an expectation of the timing for the return of the property, excluding contraband or instrumentalities of crime, or remedy. Current Rule 41(g) [ ] provides a process for the 'person aggrieved' to seek an order from the court for a return of the property, including storage media or electronically stored information, under reasonable circumstances.

Advisory Committee's Note to 2009 Amendments. *See also United States v. Matter of Search of Information Associated With Fifteen Email Addresses Stored at*

---

[3] In 2002, Federal Rule of Criminal Procedure 41(e) was reclassified as Rule 41(g) with no substantive changes. *United States v. Palacios Gonzalez*, Fed. App's 996, 999 n. 2 (11th Cir 2010) (citation omitted).

*Premises Owned*, 2017 WL 4322826, at *9 (M.D. Ala. 2017) (as to "data turned over by providers but not 'seized' as relevant to the investigation … it would make sense to require the Government to destroy or return that evidence.").

When making the determination as to whether such ESI should be returned, destroyed, or otherwise sequestered pursuant to 41(g), the court "must receive evidence on any factual issue necessary to decide the motion," Fed. R. Crim. P. 41(g), thereby permitting "a full assessment of the complex and rapidly evolving technological issues, and the significant privacy concerns, relevant to its consideration," *Ganias*, 824 F.3d at 220.

When, as here, the property was seized as part of an ongoing investigation and there are pending criminal charges, the Rule 41(g) motion should be determined by the court hearing the criminal charges. *See*, *e.g., United States v. Maez*, 915 F.2d 1466, 1468 (10th Cir. 1990) ("Proceedings surrounding the return of property seized in a criminal case are civil in nature but the interests of judicial efficiency a criminal trial judge to rule on the motion.") (citations omitted). *Compare United States v. Price*, 2011 WL 2651802 (S.D. Fla. July 7, 2011) (Rosenbaum, J., ruling on Rule 41(g) motion in pending case *with Bennett v. United States*, 2013 WL 3821625 (S.D. Fla. July 23, 2013) (Rosenbaum, J., ruling on Rule 41(g) motion prior to filing of criminal charges).

To obtain return of property in the possession of the Government in a case where criminal charges are pending, defendants must generally show: (1) they are lawfully entitled to the seized property; (2) the property is not contraband; and (3) the Government has no need to use the property as evidence. *United States v. Shalash*, 2005 WL 1593937 at *1 (E.D. Ky. July 6, 2005) (citing *Ferreira v. United States,* 354 F. Supp. 2d (S.D.N.Y. 2005)). The emails here belonged to Defendants Hi-Tech and Wheat; the accounts were used for business purposes and contain no known contraband. To retain the property as evidence, the Government must provide a "legitimate reason" for the "continued possession of the seized property. *Price,* 2011 WL 2651802, at *1. The Government here has no legitimate reason to keep or use nonresponsive data as evidence, and the need to purge this data is strong in light of the unrelated matters still pending between Hi-Tech and the FTC and FDA.

Courts have consistently found it unreasonable for the Government to retain property that is unrelated to the potential criminal activity to be charged and that otherwise has no evidentiary value. *See, e.g., United States v. White,* 2013 WL 141147, at *3 (S.D. Fla. Jan. 11, 2013) (ordering return of rare coin collection); *Shalash*, 2005 WL 1593937, at * 3 (ordering return of items seized pursuant to search warrant that were unrelated to criminal activity). Additionally, and most pertinent here, is the holding of the en banc court in *CDT*:

> When, as here, the government comes into possession of evidence by circumventing or willfully disregarding limitations in a search warrant, it must not be allowed to benefit from its own wrongdoing by retaining the wrongfully obtained evidence or any fruits thereof. When the district court determines that the government has obtained the evidence through intentional wrongdoing – rather than through a technical or good faith mistake – it should order the return of the property without the need for balancing that is applicable in the more ordinary case.

621 F.3d at 1173-74. Finally, if the Government holds the property for a constitutionally unreasonable period of time, Rule 41(g) may be invoked to require its return. *Ganias*, 824 F.3d at 219-20.

Here, the property in question consists of the email accounts seized from AOL and Yahoo. While the email accounts were initially produced pursuant to a search warrant, the Government's conduct regarding the data since those original seizures, in May 2013 and October 2014, respectively, demonstrates that the data that the Government continues to retain and, apparently, continues to search and contends it has a right to do so at least until the end of these proceedings, is inconsistent with the plain terms of the warrant, as well as applicable Fourth Amendment law. The application for both email warrants contains the same representation to the issuing magistrate: After executing the warrant on the provider to require all information relating to the email account, "[u]pon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to

9

locate the items described in Section II of Attachment B." Docs. 44-2 at 10; 44-3 at 11.

As is apparent from the Government's pleadings and the communications between counsel, this second step has either not been done or completed, or both. And the Government contends that it is totally within its rights to *not* complete that Step Two seizure and to continue to search the entire data set produced by AOL and Yahoo. The failure to complete this Step Two, and to fulfill the representations it made to the magistrates to obtain these warrants, and to continue to retain all of the materials *years* after their original seizures renders these ongoing, continuous searches unreasonable under the Fourth Amendment. [4]

The Government's position that there is no time limit to complete the Step Two seizure is simply wrong. Courts have repeatedly recognized the "the Fourth Amendment requires the Government to complete its review, *i.e.*, execute the warrant, within a reasonable period of time." *United States v. Metter*, 860 F.Supp. 2d 205, 215 (E.D. N.Y. 2012) (granting suppression of all ESI due to 15-month delay

---

[4] The Government's position on this issue, as well as its failure to conduct Step Two of the warrant with respect to the Yahoo account, further demonstrates that the Government has "flagrantly disregarded" the terms of both warrants. Accordingly, as set out in a contemporaneously filed supplemental pleading, this Court should suppress the results of both the AOL and Yahoo warrants and all fruits from both of those searches.

in commencing review of ESI for materials response to search warrant). *See also United States v. Debbi*, 244 F.Supp.2d 235, 237-38 (S.D. N.Y. 2003) (granting suppression of all nonresponsive data seized based on Government's failure to identify segregate, and return materials not responsive to terms of search warrant within eight months); *United States v. Lee*, 2015 WL 5667102, at *15 & n. 14 (N.D. Ga. Sept. 25, 2015) (refusing to grant blanket suppression where agent failed to complete review and seizure within three years, but noting: "The government, of course, is not obligated to locate and seize all of the information that is authorized by the warrants; however, for any records that the government does intend to seize, it shall segregate those records from the remainder of the Google production and provide Lee a copy of those seized records. Absent segregation and identification of the records seized, there is no basis for discerning whether particular records were seized consistent with the terms of the warrant.").

A related problem with the Government's failure to complete its Step Two seizure is that it provides the Government unlimited access to the materials seized from AOL and Yahoo and listed under Attachment B(I) to each warrant. The Government's failure to identify and segregate the material that is responsive to the warrant from the undifferentiated data in the AOL and Yahoo productions – and to continue to do so – transforms the instant warrants into general warrants that are

11

contrary to the express provisions of the Fourth Amendment. *See* Orin S. Kerr, *Warrants for Digital Evidence: The Case for Use Restrictions on Nonresponsive Data*, 48 Tex. Tech. L. Rev. 1, 26 (2015) ("In effect, allowing use of nonresponsive data effectively treats that data as if it had been included in the warrant. This eliminates the role of the particularity requirement.")

Finally, the Government's intention to retain all of the AOL and Yahoo ESI until the end of these proceedings, at which time it will destroy the materials that were not accessed (*i.e.*, the nonresponsive materials) is neither reasonable nor consistent with the Fourth Amendment. *See United States v. Roper*, 2018 WL 1465765, at *6 (S.D. Ga. March 1, 2018), adopted by district court, *id*. at *1 (March 23, 2018) (ordering case agent to remove all nonresponsive data from his computer, based on conclusion that the retention of the complete original production for more than two years after completing the Step Two review exceeded the scope of the warrant and violated the Fourth Amendment). Additionally, the retention of the property for over five years (AOL) and over three and one-half years (Yahoo) are constitutionally unreasonable and provide an independent basis for application of Rule 41(g). *Ganias*, 824 F.3d at 219-20,

In the instant case, the Government obtained the ESI from AOL in May 2013. It provided the data to a third-party contractor who filtered it for privileged materials

and twenty-three search terms selected by SA Kriplean to identify the materials responsive to the search warrant, and thereafter providing this subset to Agent Kriplean. If the Government had stopped there (and thereafter returned or destroyed the nonresponsive materials), the Government could claim to have complied with the terms of the AOL search, although Defendants persist in their contentions concerning the scope of the warrants. However, this motion under Rule 41(g) requests destruction of the data specifically in light of the Government's contention that it has the right to continue to access the original AOL productions, including searching it with new search terms based on its evolving investigation, and retain all of the original production in order to do so until the conclusion of the case. This is contrary to the express terms under which this warrant was authorized and unreasonable under the Fourth Amendment. Defendants are requesting the Court to order the Government to cease further searches of the AOL production, and, pursuant to Rule 41(g), promptly destroy all data that is not responsive to the seizure completed by January 2014, as well as any copies of that data.[5]

---

[5] Since the Government has previously furnished Defendants with the entire AOL and Yahoo productions, Defendants are simply requesting that the Government be ordered to destroy all copies of data that is not responsive to the two search warrants.

The situation as to the Yahoo ESI is different. The Government has *not* provided that to a third-party contractor to perform the Step Two seizure, based on a keyword search or any other process. Instead, according to the Government, the Yahoo ESI in its entirety was turned over to SA Kriplean at an undisclosed date, and SA Kriplean has been reviewing the production.[6] To date, the Government has not provided Defendants with any subset of the Yahoo ESI. In other words, SA Kriplean has apparently been free to conduct whatever searches he wishes on the Yahoo documents, as many times as he wishes, and for as long as he wishes. This is utterly contrary to the express provisions under which the warrant was obtained and is nothing but a general search, a search expressly forbidden by the Fourth Amendment. Defendants contend that the Government is now, and continues to be, in violation of the terms of the Yahoo warrant, and that this Court should order the Government, pursuant to Rule 41(g) to destroy all ESI obtained from Yahoo in October 2014 immediately.

Finally, it is readily apparent that neither Defendants nor the Court have all the facts concerning the Government's execution of the AOL and Yahoo search

---

[6] While the Government has indicated that the Yahoo database has been and/or is being reviewed by a "filter review team" for privileged documents, Doc. 150-4 at ¶ 2, it does not explain why its case agent, SA Kriplean, has apparently had unfettered access to the entire Yahoo production, most likely since it was turned over by Yahoo in October 2013.

warrants. What is known at this juncture is what the Government has revealed voluntarily in its emails with defense counsel, and what it has stated in its pleadings on this issue. As to the latter, however, none of the pleadings is accompanied by any sworn declarations as to the facts relating to these seizures, nor sworn to by the filing attorney. As a consequence, without an evidentiary hearing, this Court will not have the facts necessary to determine this issue. Further, Rule 41(g) expressly provides: "The court *must* receive evidence on any factual issue necessary to decide this motion." (Emphasis added). *See also Ganias*, 824 F2d at 220.

WHEREFORE, Defendants respectfully pray that this Court conduct an evidentiary hearing on Defendant's motion for return of property and, on good cause shown, Order the Government to immediately destroy all but the subset of the AOL production and all of the Yahoo production, and for such other and further relief as this Court may deem just and proper.

This 9th day of July, 2018.

Respectfully submitted,

*/s/* ***Bruce H. Morris***
Bruce H. Morris
Georgia Bar No. 523575
Finestone Morris & White
3340 Peachtree Road NW
Atlanta, Georgia 30326
404-262-2500
BMorris@FMattorneys.com
 *Counsel for Defendant*
 *Jared Wheat*

*/s/* ***Arthur W. Leach***
Arthur W. Leach
Georgia Bar No. 442025
The Law Office of Arthur W. Leach
5780 Windward Parkway, Suite 225
Alpharetta, Georgia 30005
404-786-6443
Art@ArthurWLeach.com
 *Counsel for Defendant*
 *Hi-Tech Pharmaceuticals, Inc.*

*/s/* ***James K. Jenkins***
James K. Jenkins
Georgia Bar No. 390650
Maloy Jenkins Parker
1506 Brandt Court
Boulder, Colorado 80303
303-443-9048
jenkins@mjplawyers.com
 *Counsel for Defendant*
  *Jared Wheat*

 */s/* ***Jack Wenik***
Jack Wenik
Epstein Becker & Green, P.C.
One Gateway Center, 13th Floor
Newark, New Jersey 07102
973-639-5221
jwenik@ ebglaw.com
Admitted Pro Hac Vice
  *Counsel for Defendant*
   *Hi-Tech Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing "Defendants Jared Wheat and Hi-Tech Pharmaceuticals, Inc.'s Motion for Return of Property (ESI Seized from AOL and Yahoo") through this District's ECF system, which will automatically serve all counsel of record.

This 9th day of July 2018.

                                        */s/ **Arthur W. Leach***
                                        Arthur W. Leach
                                        *Counsel for Defendant*
                                        *Hi-Tech Pharmaceuticals, Inc.*