# EXHIBIT J

From: **Kitchens, Nathan (USAGAN)** <Nathan.Kitchens@usdoj.gov>
Date: Wed, Jun 20, 2018 at 7:23 PM
Subject: RE: U.S. v. Wheat, et al.
To: Elizabeth O'Brien <eobrienlaw@gmail.com>
Cc: Art Leach <art@arthurwleach.com>, "Schansman, Cassandra (USAGAN)" <Cassandra.Schansman@usdoj.gov>

Hey Beth,

        Happy to clarify our position on this. After potentially privileged documents have been removed from the AOL/Yahoo productions and the electronic data and scanned paper productions from the October 2017 seizure, the government will review the remaining documents for material within the scope of the respective search warrants. We're going to start by looking at the results of the keyword searches, but we may run additional searches and review additional non-privileged documents outside of those subsets as we learn more based on our review. I have not been able to begin a review of any of these documents because of the ongoing filter review, so I don't know if that will be necessary or not. And as we've discussed a few times, additional documents also may be made available to the prosecution team if the filter team determines that such documents are not privileged.

        As my last email noted, if any additional documents are made available to the prosecution team, we'll provide you with a copy of those documents, even though you already have the entirety of the AOL/Yahoo data and October 2017 seized data, which would contain such documents.

        My May 28th email was referring to *United States v. Lee*, 1:14-CR-227-TCB, 2015 WL 5667102, at *4 (N.D. Ga. Sept. 25, 2015) and the authorities cited therein, which we cited for the same proposition in our May 25th response to the motion for reconsideration. (Doc. 150 at 15). Conversely, we have found no authority stating that the government is limited to one set of keyword search terms in searching for material responsive to a search warrant. If you have, please share it with us.

        Please let me know if you have any questions or would like to discuss this further.

Thanks,

Nathan


United States Attorney's Office

Northern District of Georgia

600 Richard B. Russell Building

75 Ted Turner Dr., S.W.

Atlanta, GA 30303

(P): 404-581-6185 |(F): 404-581-6181

**From:** Elizabeth O'Brien <eobrienlaw@gmail.com>
**Sent:** Friday, June 15, 2018 3:06 PM
**To:** Kitchens, Nathan (USAGAN) <NKitchens@usa.doj.gov>
**Cc:** Art Leach <art@arthurwleach.com>
**Subject:** U.S. v. Wheat, et al.

Dear Nathan,

I am following up on your email dated May 28, 2018. If you could help us with some clarification as to what your position is, it may resolve any confusion and avoid bothering everyone with another motion.

In that email, you say, "*Consistent with prior precedent, the government reserves the right to search for additional material within the scope of the email and premises search warrants during the pendency of this case because there is no time limitation provided in the warrant for execution.*"

We are unsure what documents you contend there is a continuing right to search for additional material. In regard to the AOL production, do you mean that the Government can continue to search the entire AOL production for "additional material within the scope of the email …. search warrant[ ]?" Or do you mean that the Government can continue to search the subset of the segregated materials from the AOL production that Madison turned over to SA Kriplean in January 2014?

We have the same uncertainty as to the Oct 4, 2017 seizure of electronic data pursuant to the premises warrants. In regard to the Oct 4 seizure, do you mean that the Government can continue to search the entire Oct 4 seizure of electronic data for "additional material within the scope of the …. Premises warrant[ ]"?   Or do you mean that the Government can continue to search the subset of segregated materials from the Oct 4 seizure that Madison turned over to SA Kriplean in May 2018?

Additionally, to try to help us cut to the chase here and not make additional work for everyone, would you mind sharing with us some indication of the "prior precedent" you are referring to in the same sentence?

Thank you.  Have a good weekend.

Beth

--

Elizabeth A. O'Brien

EOB, LLC

Confidentiality Notice:  This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please delete all copies of the email and contact Elizabeth O'Brien by email immediately.   Thank you