IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION NO. |
| JARED WHEAT, HI-TECH PHARMACEUTICALS, INC., and JOHN BRANDON SCHOPP, | 1:17-cr-229-AT-CMS |
| Defendants. | |

## **O R D E R**

I have been advised that the Government has not yet completed its review of the electronic media obtained pursuant to the search warrants executed on October 4, 2017 at six Hi-Tech locations.[1] [Doc. 185]. As a result of this circumstance, Defendants have filed an unopposed motion to extend the deadline for filing motions to suppress regarding those warrants.

Although Defendants Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech") and Jared Wheat have already filed motions to suppress these warrants [Docs. 51, 52], their

---

[1] There are two sets of warrants executed on October 4, 2017: six warrants signed by United States Magistrate Judge Russell Vineyard on September 28, 2017 for various Hi-Tech locations ("the Initial Warrants") and six warrants signed on October 4, 2017 by United States Magistrate Judge Alan J. Baverman related to suspected DMAA at those same locations ("the DMAA Warrants").

counsel has indicated to the Court that Hi-Tech and Wheat are willing to withdraw those motions in favor of filing new ones after the Government's review is complete. The Government does not oppose this request and has advised the Court that it requires 120 days to complete its review of the electronic media seized on October 4, 2017.

Given these circumstances, I find that the motion to extend the deadline for filing motions to suppress [Doc. 185] should be granted as unopposed. Hi-Tech and Wheat's motions to suppress related to the Initial Warrants [Doc. 51] and the DMAA Warrants [Doc. 52] should be denied as premature, with leave to refile after the Government identifies the electronic information seized pursuant to those warrants.

The Government has until **FEBRUARY 26, 2019** to complete its review of the electronic information seized on October 4, 2017.  The Government is **ORDERED** to provide Defendants with a copy of the electronic information seized by **MARCH 1, 2019**.  The Government may maintain a copy of all the electronic information obtained from these warrants, but may not access that electronic information, other than the subset provided to Defendants, after March 1, 2019, without prior approval of this Court.

If Defendants elect to file motions to suppress regarding the Initial Warrants and the DMAA Warrants, they must confer with the Government and provide the Court with a proposed scheduling order no later than **MARCH 7, 2019**.

Giving the Government time to review the electronic information obtained pursuant to the various warrants and allowing Defendants the opportunity to file additional motions will cause a delay in bringing this case to trial. However, I find that the ends of justice served by taking these actions outweigh the best interest of the public and Defendants in a speedy trial. The period of delay resulting therefrom shall be excluded when making the speedy trial calculations. See 18 U.S.C. § 3161(h)(7)(A).

## CONCLUSION

Hi-Tech and Wheat's motions to suppress related to the Initial Warrants and the DMAA Warrants [Docs. 51, 52] are **DENIED, WITH LEAVE TO REFILE**. Defendants' Unopposed Motion to Extend the Deadline for Filing Motions to Suppress [Doc. 185] is **GRANTED AS UNOPPOSED**.

**SO ORDERED**, this 1st day of November, 2018.

_____
Catherine M. Salinas
United States Magistrate Judge

3