# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| : | CRIMINAL ACTION NO. |
| v. : | 1:17-CR-0229-AT |
| : | |
| JARED WHEAT, et al., : | |
| Defendants. : | |

## **ORDER**

In her extensive and well-reasoned Report and Recommendation, (R&R) [Doc. 146], Magistrate Judge Catherine M. Salinas recommends that this Court grant the Government's motion to disqualify Attorney Bruce S. Harvey as co-counsel for Defendant Jared Wheat, [Doc. 88]. Defendant Wheat objects. [Doc. 159].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a de novo basis and any non-objected portion on a "clearly erroneous" standard. Based on Defendant's objections, this Court has reviewed the record in this case on a de novo basis and concludes that the Magistrate Judge is correct.

Briefly describing the background, which is set forth in much more detail in the R&R, [Doc. 146 at 1-9], Defendant Wheat operates a company named Hi-Tech

Pharmaceuticals, Inc. (Hi-Tech). Wheat, along with Hi-Tech and Hi-Tech employee John Brandon Schopp, stands indicted for several crimes including charges of conspiracy, wire fraud, money laundering, introduction of misbranded drugs into interstate commerce, and the manufacture and distribution of a controlled substance. As a part of its investigation in this matter, in 2014, the Government subpoenaed Choat Soviravong, who was also a Hi-Tech employee, to testify before the grand jury. Attorney Harvey represented Soviravong in the subpoena response and arranged for Soviravong to be interviewed by the Government pursuant to a "use immunity" agreement in lieu of testifying before the grand jury. Attorney Harvey has now entered a notice of appearance on behalf of Wheat in this matter, and the Government contends that Attorney Harvey cannot represent Wheat because of the potential conflict.

At the time that the Government filed its motion to disqualify Attorney Harvey, the Government identified Soviravong as a witness and a "subject" of its investigation. Soviravong has now been indicted of four counts of lying to investigators in connection with the Government's investigation into Wheat and his codefendants. United States v. Soviravong, Case No. 1:19-CR-0146-AT.

At a hearing held pursuant to Fed. Crim. R. 44(c) before Judge Salinas, prior the Government's indictment of Soviravong, both Wheat and Soviravong expressly and

2

knowingly waived any potential conflict. Wheat has also expressly waived his right to appeal any conviction based on Attorney Harvey's alleged ineffective assistance that is related to the conflict.

After the Rule 44 hearing and further briefing by the parties, Judge Salinas issued her R&R in which she comprehensively reviewed the background of this matter and the applicable law. Notably, Judge Salinas recognized that because of the possibility that Soviravong might be called to testify against Wheat, the risk of an actual conflict of interest arising was significant. According to Judge Salinas,

> Where a prior client's testimony directly concerns a current client's conduct, there is a serious risk that such testimony as a government witness will not be fully aligned with the current client's (Wheat's) interests, but instead would be materially adverse. The Eleventh Circuit has stated that when, like here, "an actual conflict of interest exists, the client is denied effective assistance of counsel, and the attorney may be disqualified." [United States v. Ross, 33 F.3d 1507, 1523 (11th Cir. 1994)]; see also [Wheat v. United States, 486 U.S. 153, 164 (1988)] ("A showing of a serious potential for conflict" overcomes the presumption in favor of the defendant's counsel of choice).

[Doc. 146 at 18-19].

Because of this risk, Judge Salinas concluded that Attorney Harvey must be disqualified. In his objections, Wheat first points out that

> (1) both [Soviravong] and Mr. Wheat clearly, knowingly, and voluntarily waived any actual or potential conflict of interest; (2) Mr. Wheat voluntarily waived his right to appeal any conviction based on Mr. Harvey's ineffective assistance due to the conflict; and (3) Mr. Harvey confirmed that he possesses no confidences from his short, limited-scope

3

representation of [Soviravong] that, in his view, could possibly affect his representation of Mr. Wheat.

[Doc. 159 at 2].

Wheat further notes that (1) Soviravong's testimony is well-established, (2) because Attorney Harvey has a co-counsel, he could avoid any conflict by not cross-examining Soviravong, (3) Attorney Harvey's representation of Soviravong was brief, and (4) any confidential information that Attorney Harvey received through his limited representation of Soviravong is exculpatory. Wheat thus contends that the risks posed by the potential conflict are minor and that this Court should accept Wheat's and Soviravong's knowing and voluntary waivers and not deny Wheat his right to his counsel of choice.

This Court recognizes Wheat's strong interest in having the legal representation of his choice and admits that, because of that interest, this Court harbored reservations about disqualifying Attorney Harvey from this case. Because of those reservations, and as part of its de novo review, this Court held another hearing to hear directly from the parties. In spite of the fact that neither Soviravong nor his attorney were able to attend the hearing, this Court was able to hear from the parties to this action, and the Government made a strong case that Attorney Harvey's disqualification was appropriate because, even if an actual conflict did not exist then, one could arise at

4

some later point, perhaps on the eve of the trial or even mid-trial, and that could cause Wheat substantial prejudice. [Doc. 239 at 34-35].

Of course, the posture of the Government's motion has changed substantially now that Soviravong has been indicted with regard to the statements/testimony that he gave in connection with this case and while Attorney Harvey was his lawyer. While Soviravong's indictment serves to disprove, or at least substantially weaken, Wheat's arguments against Attorney Harvey's disqualification, significantly more important is the fact that Soviravong now has a very clear interest in cooperating with the Government to lessen any potential penalty he may receive. In this Court's opinion, the potential conflict has now become an actual one because Soviravong's interests are directly opposed to Wheat's, and this Court now has full authority to decline to give effect to Wheat's waiver of that conflict. Wheat, 486 U.S. at 163. Moreover, now that Soviravong has been indicted, his interests are also directly and substantially implicated, and this Court doubts that it can any longer rely on his waiver that was made prior to his indictment.

For the foregoing reasons, this Court now holds that the findings and conclusions of Judge Salinas are correct. As such, her R&R, [Doc. 146], is hereby **ADOPTED** as the order of this Court, Wheat's objections, [Doc. 159], are

AO 72A
(Rev.8/82)

**OVERRULED**, the Government's Motion to Disqualify, [Doc. 88], is **GRANTED** and Attorney Bruce Harvey is **DISQUALIFIED** from participation in this matter.

**IT IS SO ORDERED,** this 1st day of May, 2019.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

AO 72A
(Rev.8/82)